UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
2005 FEB 22 P 3: 06
U.S. DISTRICT COURT
DISTRICT OF MASS.

HECTOR RIVERA )
)
v. ) CASE NO. 05-3044 MAP
)
CITY OF SPRINGFIELD, ET AL )
)

GEORGE OLIVERAS )
)
v. ) CASE NO. 05-3045 MAP
)
CITY OF SPRINGFIELD, ET AL )
)

**DEFENDANTS' MOTION TO POSTPONE SCHEDULED HEARING**

Now comes the City of Springfield ("Springfield"); the Springfield Public Schools; Superintendent Dr. Joseph P. Burke ("Dr. Burke"), Principal Dr. Ann Stennett ("Dr. Stennett")[1]; Assistant Principal Mr. Thomas O'Brien ("Ass't Principal O'Brien"); and Assistant Principal Mr. Kolajo Afolabi ("Ass't Principal Afolabi")[2] hereinafter

---

[1] Since Deputy Carroll has not spoken directly with Dr. Stennett concerning this case, his appearance on Dr. Stennett's behalf, at this time, is a special appearance specifically limited to this motion. It is anticipated the special appearance will be converted into a general appearance; that however, is Dr. Stennett's decision.

[2] Since Deputy Carroll has not spoken directly with Ass't Principal Afolabi concerning this case, his appearance on Ass't Principal Afolabi's behalf, at this time, is a special appearance that is specifically limited to this motion. It is anticipated that the special

46261                                                                                                   1

collectively called "defendants" and move to continue the hearing on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") scheduled for February 25, 2005 from that date to a date, after March 21, 2005, that is convenient for the Court. As reasons thereof, the defendants state that:

1. On February 10, 2005, Deputy City Solicitor Harry P. Carroll, Esq. ("Deputy Carroll") was assigned to defend two federal cases *Oliveras v. Springfield Pub. Sch., et al* and *Rivera v. Springfield Pub. Sch. et al.*

2. The defendants are the same in both cases.

3. Although it is not entirely clear, it seems that the individual defendants Dr. Burke, Dr. Stennett, Ass't Principal O'Brien and Ass't Principal Afolabi were sued in both their official and individual capacities.

4. Since plaintiffs did not serve the individual defendants, Deputy Carroll sent notice to them on Friday February 11, 2005 that they had been sued.

5. On Tuesday, February 15, 2005 plaintiffs' attorney, Derek M. Beaulieu, Esq. ("Att'y Beaulieu"), apparently attempted to notify defendants that the Court scheduled a hearing on the Motion and issued Notices thereof ("Hearing Notices"). Attorney Beaulieu did this by faxing copies of the Hearing Notices to attorney Peter P. Fenton, Esq. ("Att'y Fenton") of the law firm of Fenton & Fenton in Springfield.

6. On that date Attorney Fenton was in Northampton on another matter. He was struck with the flu and did not return to his office for the remainder of the week; however his office notified Attorney Fenton on Friday February 18, 2005 of the

---

appearance may be converted into a general appearance; that however, is Ass't Principal Afolabi's decision.

46261

2

scheduled hearing. Attorney Fenton then had his office contact Attorney Beaulieu and inform him that Attorney Fenton did not represent the defendants in these cases and that Attorney Beaulieu should contact the Springfield Law Department to discuss the matter with them. Attorney Fenton also had his office fax the Hearing Notices to the Springfield Law Department.

8. At approximately noon on Friday, February 18, 2005 Deputy Carroll became aware that the Court had scheduled a hearing on the Motion for Friday, February 25, 2005 at 3:00 p.m.

9. On Friday, February 18, 2005, Deputy Carroll had the Hearing Notices hand delivered to the School Department for distribution to the individual defendants.

10. As a result Deputy Carroll spoke with several employees of the Springfield public schools on the afternoon of Friday, February 18, 2005 and learned:

   - This week is school vacation week. A week in which there are no students or members of the teachers' bargaining unit in attendance.

   - Monday, February 21, 2005 was a holiday for twelve month employees of the School Department leaving them with a four-day work week. This is also a very popular week for those employees to take a four day vacation since school is closed anyway.

   - At present Dr. Burke is in Florida using vacation time and taking care of personal family business. He will not be available on Friday.

   - Due to these facts there is little or no time to speak to Dr. Stennett, Ass't Principal O'Brien and Ass't Principal Afolabi prior to the hearing on Friday and any conversations with Dr. Burke this week must be conducted by long distance since he is in Florida.

11. Upon learning the most of the basic facts set forth above, it appeared necessary to seek a postponement of the scheduled hearing to allow time to speak with all the

46261

3

individual defendants determine their legal representation, discuss the case and prepare a defense to the Motion.

12. At approximately 5:30 p.m. on Friday, February 18, 2005, Deputy Carroll called Attorney Beaulieu to request his assent to a motion to postpone the scheduled hearing on the Motion.

13. It was explained to Attorney Beaulieu that Deputy Carroll would represent the City of Springfield, the Springfield Public Schools, Dr. Burke and Mr. O'Brien but that he had not yet spoken with the other individual defendants and had not met with any of the individual defendants.

14. In addition, it was pointed out to Attorney Beaulieu that Monday was a legal holiday and that the Springfield Public Schools would be closed this week due to the February school vacation.

15. Attorney Beaulieu explained that his clients were suspended from school and he wanted them back in school so he would not assent to postponing the scheduled hearings.

16. In considering this motion to postpone the hearing, it is appropriate to point out that plaintiffs' failed to provide the individual defendants with adequate notice of the scheduled hearing making it inappropriate to hold the hearing this Friday. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such

nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied. 'The criterion is not the possibility of conceivable injury, but the just and reasonable character of the requirements, having reference to the subject with which the statute deals.' But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected, or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes.") (citations omitted).

17. The following facts bear directly upon this issue: school is closed next week for February vacation; the individual defendants are on vacation; Dr. Burke is in Florida with his wife who is scheduled for surgery.

18. It is appropriate to meet with individuals who have been sued and obtain their authorization before undertaking to represent them in litigation. Proper legal representation entails gathering facts relevant to the matters at issue before attending a hearing in federal court and opposing a motion for equitable relief. This involves gathering relevant information about the case through discussions with the parties and others. This preliminary factual investigation may make it

46261

necessary to speak with a number of individuals who have pertinent information – a task that is complicated by the school vacation. This fact gathering process takes time.

19. Not only must the factual information described above be gathered and analyzed; it must be reduced to written form for submission in Court. This document drafting process takes time.

20. In addition to reviewing the allegations contained in plaintiffs' sixteen page complaints, plaintiffs' multiple exhibits and legal memoranda exceeding twenty five pages, formulation of an opposition to the Motion will require legal research, analysis, and document organization, document drafting, along with serving and filing the opposition materials. This legal work will also take time.

21. As a result of the additional time needed to meet the individual defendants, conduct at least a cursory factual investigation into the alleged incidents complained about, research the legal issues, draft, serve and file opposition documents and prepare for an oral argument, defendants request that the scheduled hearing be postponed.

WHEREFORE, defendants request the following:

1. If plaintiffs' contest the facts set forth in this motion defendants ask this Honorable Court to schedule a hearing thereon. The need to promptly file this motion did not allow sufficient time to obtain supporting affidavits and an evidentiary hearing is requested in the event that the facts herein set forth are materially contested;

2. If this motion is not opposed, or opposed but allowed without hearing, defendants request leave to file a written opposition to the Motion on or before March 21 2005; and

3. Defendants ask this Honorable Court to postpone the scheduled hearing from Friday, February 25th to a date, after March 21, 2005 which is convenient to the parties and the Court.

Respectfully submitted

THE DEFENDANTS

*/s/ Harry P. Carroll*
Harry P. Carroll, Esq.
Deputy City Solicitor

City of Springfield, Law Department
36 Court Street
Springfield, MA 01103
Phone 413-787-6085
Fax   413-787-6173
BBO # 076060

## CERTIFICATE OF SERVICE

To:

Derek M. Beaulieu, Esq.
1242 Main Street, Suite 306
Springfield, MA 01103

I, Harry P. Carroll, hereby certify that I served the above notice on the plaintiff in the above-entitled action by mailing a copy thereof, postage prepaid, to counsel of record this 22nd day of February 2005.

*/s/ Harry P. Carroll*
Harry P. Carroll, Esq.,
Deputy City Solicitor

46261