**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Hector Rivera }<br>　　　　　　Plaintiff } <br>v. } CIVIL ACTION NO. 05-3044-MAP<br> }<br>CITY OF SPRINGFIELD, SPRINGFIELD PUBLIC }<br>SCHOOLS, SUPERINTENDENT DR. JOSEPH }<br>P. BURKE, PRINCIPAL DR. ANN STENNETT, }<br>ASSISTANT PRINCIPAL MR. THOMAS }<br>O'BRIEN, ASSISTANT PRINCIPAL MR. }<br>KOLAJO AFOLABI }<br>　　　　　　Defendants } | |

**PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTS' MOTION TO POSTPONE SCHEDULED HEARING**

COMES now the Plaintiff, by and through his undersigned counsel, and moves this Court not to postpone the Hearing currently scheduled for February 25, 2005 for the following reasons:

As the Court is aware the Plaintiff is seeking a Temporary Restraining Order and a Preliminary Injunction enjoining the City of Springfield and the Springfield Public School from the continued exclusion of the Plaintiff from school. The Plaintiff has already been excluded from attending school for over forty five school days with no end in sight. He has been denied re-entry by the School District despite it being told by the Assistant District Attorney's Office that the felony charges were dropped. He has been denied the Superintendents level appeal to have his attorney present this information. Plaintiff states that without immediate relief from this Court he will continue to suffer irreparable harm until such time that the injunction is granted.

As already pointed out in great detail in Plaintiff's Memorandum in Support of its Motion for Temporary Restraining Order and a Preliminary Injunction, the Plaintiff has a right to pursue an education without unjust interference from the state or its actors. That public education is

perhaps "the most important function of state and local government." <u>Brown v. Board of Education Topeka</u>, 347 U.S. 483, 493 S. Ct. 686, 691 (1954). The fact that this matter involves an interest of such heightened importance necessitates the expediency asked for by the Plaintiff.

Furthermore, the Defendants' counsel, Deputy Carol indicates that he was notified of the hearing on February 18th 2005. However, he also states was assigned this case on February 10th 2005. He does not mention that in January 2005, Attorney Fenton contacted the office of Attorney Derek M. Beaulieu and indicated that he was handling this matter for the City of Springfield. It appears that the City of Springfield decided to change lawyers. However, at no time prior to Deputy Carol's phone call on February 18th 2005, was Attorney Beaulieu made aware that Attorney Fenton was no longer handling the case for the City of Springfield. In fact, Attorney Beaulieu faxed letter to Attorney Fenton on February 17, 2005 again asking him whether he intended on accepting service or whether I should serve his clients. The City of Springfield, pursuant to the representations of its attorney Peter Fenton that he was handling this case, was made aware as early as February 9th 2005 that a Preliminary Injunction was being requested and that a hearing was imminent.

Deputy Carol also asserts that he has no access to Dr. Burke, Dr. Stennett or Mr. Afolabi because of the current vacation period. The Plaintiff asserts that for the purposes of the Hearing the Plaintiffs seek only an order that the Plaintiff be reinstated back in school and that the Defendants supply any outstanding school work and grade said work fairly. Only City of Springfield and the Springfield Public Schools is required for this hearing. As stated in Plaintiff Memorandum there is a strong likelihood that he will succeed on the merits of this case. In order to prevail the Plaintiff's should only have to prove for purposes of reinstatement that the Plaintiff was not found guilty of felony charges and therefore that any suspension or expulsion pursuant to

M.G.L Ch. 71 §37H ½ can not stand.  The matter regarding the wrongful exclusion and failure to provide due process are matters not currently before the court.  Any matters involving whether the Defendants wrongly excluded the Plaintiffs from school based on the felony charges without providing due process need not be addressed.  Those matters are the subject of a complaint and would be brought forward in that form even if the Defendants had chosen to reinstate the Plaintiffs prior to any hearing.

    Finally, the balance of harm clearly favors Plaintiff.  The Plaintiff continues to miss school.  The length of his absence from school clearly is jeopardizing his educational record and ability for advancement.  The Defendants clearly can not assert any harm other than having their vacations suspended for an hour or two.  The Defendants have had sufficient time to discuss the limited issue regarding reinstatement of the Plaintiffs at the High School of Commerce. The Plaintiff concludes his argument by asserting that the Defendants' request for a date to reschedule the Hearing after March 21st 2005 shows its continued indifference to the Plaintiffs.

    WHEREFORE, the Plaintiff respectfully moves this Court to deny the Defendants' Motion to Postpone Scheduled Hearing for the above stated reasons.

Respectfully submitted,
The Plaintiff
By his attorney

February 23, 2005

_____
Derek M. Beaulieu, Esq.
1242 Main Street, Suite 306
Springfield, MA 01103
BBO#644185