UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                            )
HECTOR RIVERA              )
                            )
v.                          )   CASE NO. 05-3044 MAP
                            )
CITY OF SPRINGFIELD, ET AL )
_____     )
```

### DEFENDANTS' ANSWER

Now comes the City of Springfield; the Springfield Public Schools; Superintendent Dr. Joseph P. Burke, Principal Dr. Ann Stennett; Assistant Principal Mr. Thomas O'Brien; and Assistant Principal Mr. Kolajo Afolabi and the Springfield School Committee, hereinafter collectively called "defendants" and answer the allegations in plaintiff's amended complaint as follows:

1. Defendants admit that portion of ¶1 of the amended complaint which states that "[t]his is an action", "High School of Commerce" and "the requirements of the Fourteenth Amendment of the United States Constitution and Articles I and X of the Massachusetts Declaration of Rights" and the defendants deny the remaining allegations in ¶1 of the amended complaint.

2. Defendants deny that portion of ¶2 in the amended complaint which alleges "[j]urisdiction is premised on" and defendants admit the remaining allegations in ¶2 of the amended complaint.

3. Defendants admit the allegations contained in ¶¶ 3, the second ¶9 and ¶46 of the amended complaint.

46958

1

4. Defendants deny the allegations contained in ¶¶ 4, 14-15, 17-23, 31-38, 41-42, 48, 53, 59-60, 62-63, 65-67, 69-74, 76-78.

5. Defendants deny that portion of ¶5 in the amended complaint which states "in his official and individual capacities, is charged with managing" and the defendants admit the remaining allegations in ¶5 of the amended complaint.

6. Defendants deny that portion of ¶6 in the amended complaint which states "in her official and individual capacities, is the educational administrator and manager", "pursuant to state law, suspend and expel students for specifically enumerated" and the defendants admit the remaining allegations in ¶6 of the amended complaint.

7. Defendants admit that portion of ¶7 in the amended complaint which states "Defendant, Mr. Thomas O'Brien, Assistant Principal" and defendants deny the remaining allegations in ¶7 of the amended complaint.

7. Defendants admit that portion of ¶8 in the amended complaint which states "Defendant, Mr. Kolajo Afolabi, Assistant Principal" and defendants deny the remaining allegations in ¶8 of the amended complaint.

8. Defendants deny that portion of the first ¶9 in the amended complaint which states "in their official and individual capacities" and defendants admit the remaining allegations in the first ¶9 of the amended complaint.

9. Defendants admit that portion of ¶10 in the amended complaint which states "George resides at 56 Foster Street", and defendants do not have sufficient knowledge or information either to admit or deny the rest of the allegations contained in ¶10 of the amended complaint and therefore deny them.

46958

10. Defendants admit that portion of ¶11 in the amended complaint which states "[o]n or about December 14, 2004 Hector Rivera and" "George Oliveras were arrested" "and charged with delinquency felony counts" and defendants do not have sufficient knowledge or information either to admit or deny the remaining allegations contained in ¶11 of the amended complaint and therefore deny them.

11. Defendants do not have sufficient knowledge or information either to admit or deny the allegations contained in ¶¶ 12-13, 24-27, 39, 40, 43 of the amended complaint and therefore deny them.

12. Defendants admit that portion of ¶16 in the amended complaint which states "Ms. Santiago, George Oliveras and Hector Rivera met with Dr Stennett and Mr. O'Brien in the (sic) Dr. Stennett's office" and defendants deny the remaining allegations in ¶16 of the amended complaint.

13. Defendants admit that portion of ¶28 in the amended complaint which states "[t]he secretary" "wrote down a message from Ms. Santiago asking her to contact her later that day regarding this matter" and defendants deny the remaining allegations in ¶28 of the amended complaint.

14. Defendants admit that portion of ¶29 in the amended complaint which states on "Friday December 17th 2004, Dr. Stennett left a message on the message machine at Ms. Santiago's home" and defendants deny the remaining allegations in ¶29 of the amended complaint.

15. Defendants admit that portion of ¶30 in the amended complaint which states that "[o]n December 20th 2004 Ms. Santiago along with George and Hector" attended the due process hearing "at Commerce High School" and that "Dr. Ann Stennett,

the Principal of Commerce High School, Mr. Thomas O'Brien, Assistant Principal" and "Mr. Kolajo Afolabi, Assistant Principal" also attended the said hearing and defendants deny the remaining allegations in ¶30 of the amended complaint.

16. Defendants admit that portion of ¶44 in the amended complaint which states that "Exhibit C" is a "copy of" a "letter" "dated January 10th, 2005" that was sent to "Dr." "Burke, Superintendent of the Springfield Public Schools" and defendants deny the remaining allegations in ¶44 of the amended complaint.

17. Defendants admit that portion of ¶45 in the amended complaint which states "[t]he letter of January 10th 2005" and defendants say that the said letter is a written document which speaks for itself.

18. Defendants admit that portion of ¶47 in the amended complaint which states "Attorney Fenton" "had been asked by the Springfield Public Schools" and "[i]t was his understanding that neither child was [sic] special education students" and defendants deny the remaining allegations in ¶47 of the amended complaint.

19. Defendants admit that portion of ¶49 in the amended complaint which states "Attorney Beaulieu stated it was his belief" and defendants deny the remaining allegations in ¶49 of the amended complaint.

20. Defendants admit that portion of ¶50 in the amended complaint which states "Attorney Fenton indicated that the School District suspected the boys of pulling fire alarms in the past" and defendants deny the remaining allegations in ¶50 of the amended complaint.

21. Defendants admit that portion of ¶51 in the amended complaint which states "[o]n behalf of Hector Rivera and George Oliveras, Attorney Beaulieu stated that they wanted to be placed back at Commerce High School" and defendants deny the remaining allegations in ¶51 of the amended complaint.

22. Defendants admit that portion of ¶52 in the amended complaint which states "[t]here was then a brief discussion with respect to" "tutorial services" and that "Attorney Fenton indicated that he would gather information" "and ascertain the position of his client" and defendants deny the remaining allegations in ¶52 of the amended complaint.

23. Defendants admit that portion of ¶54 in the amended complaint which states "[h]e stated that he had spoken with Assistant District Attorney, Brett Votterro at the District Attorney's Office and confirmed" "dispositions pursuant to M.G.L. ch. 276 § 87 and" "the arson charges had been *nolle pros*" and defendants deny the remaining allegations in ¶54 of the amended complaint.

24. Defendants admit that portion of ¶55 in the amended complaint which states "Attorney Beaulieu responded to Attorney Fenton" and defendants deny the remaining allegations in ¶55 of the amended complaint.

25. Defendants admit that portion of ¶56 in the amended complaint which states "Attorney Beaulieu stated" and defendants deny the remaining allegations in ¶56 of the amended complaint.

26. Defendants admit that portion of ¶57 in the amended complaint which states "[i]n this phone conversation, Attorney Beaulieu specifically requested" "to Attorney Peter Fenton that if the School District did not reinstate them" "they wanted their

Superintendent's Level Appeal" and defendants deny the remaining allegations in ¶57 of the amended complaint.

27. Defendants admit that portion of ¶58 in the amended complaint which states "Attorney Beaulieu left messages with Attorney Fenton's Office" and defendants deny the remaining allegations in ¶58 of the amended complaint.

28. Defendants repeat their answers to the allegations contained in ¶¶ 1-60 of the amended complaint and incorporate the same herein by reference for answer to the allegations contained in ¶61 of the amended complaint.

29. Defendants repeat their answers to the allegations contained in ¶¶ 1-63 of the amended complaint and incorporate the same herein by reference for answer to the allegations contained in ¶64 of the amended complaint.

30. Defendants repeat their answers to the allegations contained in ¶¶ 1-67 of the amended complaint and incorporate the same herein by reference for answer to the allegations contained in ¶68 of the amended complaint.

31. Defendants repeat their answers to the allegations contained in ¶¶ 1-74 of the amended complaint and incorporate the same herein by reference for answer to the allegations contained in ¶75 of the amended complaint.

WHEREFORE, defendants deny that plaintiff is entitled to a judgment or any of the relief he requested and ask that a judgment be entered for the defendants.

## AFFIRMATIVE DEFENSES

### First Defense

The amended complaint must be dismissed for failure to state a claim upon which relief can be granted.

*Second Defense*

The amended complaint fails to state a claim upon which relief can be granted under 42 U.S.C. §1983 against the defendants as the conduct alleged in the amended complaint does not involve any particular right arising under the United States Constitution but merely seeks vindication for alleged violations of state law.

*Third Defense*

The amended complaint fails to state a claim upon which relief can be granted under 42 U.S.C. §1983 against the defendants as the conduct alleged in the plaintiff's complaint fails to rise to the level of a constitutional violation or violation of other law under either Federal or State law.

*Fourth Defense*

The amended complaint fails to state a claim upon which relief can be granted against the defendants as no custom or official policy of the municipality caused the alleged violation of the plaintiff's civil rights.

*Fifth Defense*

The individual defendants are entitled to qualified immunity since a reasonable official could have believed their actions were lawful in light of clearly established law and the information the defendants possessed at the time of their allegedly unlawful conduct.

*Sixth Defense*

The amended complaint fails to state a claim upon which relief can be granted against the City as liability cannot be imposed under 42 U.S.C. §1983 solely on the grounds of respondeat superior.

*Seventh Defense*

The individual defendants at all times acted reasonably, within the scope of their official discretion and with a good faith belief that the actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the amended complaint which bear on a state question.

*Eighth Defense*

Defendants reserve their right to recover counsel fees and other costs and expenses incurred in defending against plaintiff's claims because the above action is wholly insubstantial, frivolous and not advanced in good faith. MASS. GEN. LAWS ANN. ch. 231 § 6F.

*Ninth Defense*

The allegations in the amended complaint were not taken pursuant to a policy promulgated by the final policy making authority responsible under state law.

*Tenth Defense*

Plaintiff cannot recover from the defendants because in doing the acts complained about defendants performed discretionary acts within the scope of their official duty, in good faith and without malice or corruption.

*Eleventh Defense*

Defendants are not liable to plaintiff because private individuals under like circumstances would not be liable and because the remedies provided by Chapter 258 of the Massachusetts General Laws are exclusive of any other civil action or proceeding by reason of the same subject matter against the public employer or the public employee.

*Twelfth Defense*

Defendants conduct was reasonable under the circumstances.

*Thirteenth Defense*

Plaintiff cannot recover from the defendants since the acts alleged in the amended complaint are based upon acts or omissions of public employees who were exercising due care in the execution of the applicable laws and rules. MASS. GEN. LAWS ANN. ch. 258 § 10(a).

*Fourteenth Defense*

Plaintiff cannot recover from the defendants since the amended complaint is based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty by public employees acting within the scope of their office or employment. MASS. GEN. LAWS ANN. ch. 258 § 10(b).

*Fifteenth Defense*

Plaintiff failed to comply with the requirements of MASS. GEN. LAWS ANN. ch. c.258 in that no proper notice of claim was sent to the executive officer of the defendants within two years of the alleged injury and plaintiff instituted a civil action against the defendants on a claim for damages under MASS. GEN. LAWS ANN. ch. 258 without waiting until such claim shall have been finally denied by such executive officer so that any recovery under said statute is barred.

*Seventeenth Defense*

The City is immune from liability for any claim arising out of an intentional tort. MASS. GEN. LAWS ANN. ch. 258 § 10(c).

*Nineteenth Defense*

Defendants are immune from liability for any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation that is not originally caused by the defendants or any other person acting for the defendants. MASS. GEN. LAWS ANN. ch. 258 § 10(j).

### Twentieth Defense

The action should be dismissed because the declaratory judgment procedure should not be used to decide questions which are moot or academic.

### Twenty First Defense

The alleged actions of the defendants were neither the proximate nor the actual cause of any damages suffered by the plaintiff.

### Twenty Second Defense

Defendants are entitled to judgment for costs and a finding that plaintiff' action is frivolous or in bad faith. MASS. GEN. LAWS ANN. ch. 258 § 11.

### Twenty Third Defense

Plaintiff cannot recover against the defendants because declaratory relief is being sought, a question of constitutionality is involved and the Massachusetts attorney general was not notified as required under MASS. GEN. LAWS ANN. ch. 231A § 8.

### Twenty Fourth Defense

Defendants were justified in their acts and conduct and are not therefore liable to the plaintiff as alleged in the amended complaint.

### Twenty Fifth Defense

The decision to suspend the plaintiff was a discretionary one made by the public officials charged with primary responsibility for making such discretionary choices and it is not subject to federal judicial review or revision.

*Twenty Sixth Defense*

The plaintiff, by his acts and misconduct is estopped to assert that the defendants now owe the plaintiff anything.

*Twenty Seventh Defense*

The plaintiff is not entitled to equitable relief inasmuch as he has been guilty of inequitable conduct and failed to come into equity with clean hands.

WHEREFORE the defendants respectfully request that the Court enter Judgment for defendants dismissing the amended complaint.

DEFENDANTS DEMAND A TRIAL BY JURY.

THE DEFENDANTS

_____
Patrick J. Markey, Esq.
City Solicitor
BBO # 563542

_____
Harry P. Carroll, Esq.
Deputy City Solicitor
BBO # 076060

City of Springfield, Law Department
36 Court Street
Springfield, MA  01103
Phone 413-787-6085
Fax    413-787-6173

11

46958

## CERTIFICATE OF SERVICE

To:  Derek M. Beaulieu, Esq.
1242 Main Street, Suite 306
Springfield, MA 01103

Bryan K. Clauson, Esq.
95 State St. Suite 701
Springfield, MA 01103

    I, Harry P. Carroll, hereby certify that I served the above notice on the plaintiff in the above-entitled action by mailing a copy thereof, postage prepaid, to counsel of record this 11th day of April 2005.

                                    Harry P. Carroll, Esq.,
                                    Deputy City Solicitor

46958